UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS DELSHAWN SHAW #775483,

        Plaintiff,                                    Hon. Paul L. Maloney

v.                                              Case No. 1:25-cv-276

HEIDI WASHINGTON et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Plaintiff's motion titled "Plaintiff's Motion for Summary Judgment in Opposition to Defendant: Answer Filed." (ECF No. 27.) Defendants have filed a response. (ECF No. 30.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **deny** the motion.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF), filed a complaint against several MDOC employees on March 12, 2025, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at DRF in June 2024. Following the Court's initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff was allowed to proceed on his Eighth Amendment claims against Defendants Sgt. Bretton Fears, Corrections Officer (CO) Samuel Ottenwess, and Prison Counselor (PC) Scott Miller. (ECF No. at PageID.35–36.)

On July 21, 2025, Defendant Miller moved for summary judgment based on Plaintiff's failure to exhaust his claim against Defendant Miller. (ECF No. 12.) Plaintiff failed to respond to the motion. On September 15, 2025, I issued a Report and Recommendation recommending that the motion be granted. (ECF No. 17.) The Court adopted the Report and Recommendation on

October 16, 2025, after Plaintiff failed to file an objection. (ECF No. 19.) Thus, Defendant Miller is no longer a party to this action.

Plaintiff filed his present motion on December 15, 2025. It is not clear whether the filing is intended as a motion for summary judgment on the merits of Plaintiff's remaining claims against Defendants Fears and Ottenwess or whether it is a belated response to Defendant Miller's previous summary judgment motion, as Plaintiff mentions Defendant Miller in both his motion and brief and indicates that he is the "opposition party." (ECF No. 27 at PageID.27; ECF No. 28 at PageID.162.) If it is the latter, it is late. If it is the former, Plaintiff fails to meet his summary judgment burden.

Out of an abundance of caution, I will consider Plaintiff's motion as a motion for summary judgment on the merits of his claims against Defendants Fears and Ottenwess.

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the

burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff has not met this demanding standard. While Plaintiff submits a "Sworn Affidavit" in support of his motion (ECF No. 29), it appears that the affidavit is not properly notarized, and it does not comply with 28 U.S.C. § 1746. More importantly, the purported affidavit contains no facts. Rather, it sets forth only argument and legal conclusions and citations. Thus, the affidavit cannot support Plaintiff's motion for summary judgment. In sum, Plaintiff fails to point to evidence in the record that "is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, his motion should be denied.

### CONCLUSION

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's motion for summary judgment. (ECF No. 27.)

Dated: January 21, 2026                                  /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).